NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHANNON TAYLOR, | |
| Plaintiff, | |
| v. | Civil Action No. 08-4651 (JAG) |
| STATE OF NEW JERSEY, ESSEX COUNTY, CITY OF NEWARK, NEWARK POLICE DEPARTMENT, VERNON PARKER, individually, KYLE BOWMAN, individually, and MARY LOUISE BAILEY, individually, | OPINION |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of Defendant, the State of New Jersey ("the State", "New Jersey", or "Defendant"), to dismiss the Complaint of Plaintiff Shannon Taylor ("Plaintiff"), for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). For the reasons set forth below, Defendant's motion is granted.

**I.   FACTUAL BACKGROUND**

The instant action stems from the September 18, 2006 arrest of Plaintiff by individual defendants, Newark Police Department Officers Vernon Parker, Kyle Bowman, and Mary Louise Bailey. (Compl. ¶ 15.) Plaintiff alleges that the police officers detained him in the back of a police cruiser, and over the course of several hours verbally and physically mistreated him. (Compl. ¶¶ 16, 17.)

Plaintiff contends that he attempted to lodge a complaint about the aforementioned incident with a police supervisor while at the Newark Police Department central processing unit. (Compl. ¶ 18.)  After attempting to complain, Plaintiff alleges, he was beaten by the individual defendant police officers at police headquarters.  (Compl. ¶ 19.)  Plaintiff alleges that he suffered various physical injuries, as a result of the beating, including a broken jaw and a broken eye socket.  (Compl. ¶ 20.)  Plaintiff contends that the police officers were under the supervision of the State of New Jersey, the County of Essex, the City of Newark, and the Newark Police Department.  (Id.)  Plaintiff asserts that the officers, the State of New Jersey, and the named agencies are responsible for violating Plaintiff's constitutional rights to due process, equal protection under law, and the right to be free from unreasonable search and seizure.  (Id.)  Plaintiff further alleges a loss of physical liberty and emotional injury.  (Id.)

Plaintiff filed suit in this Court on September 17, 2008.  (Docket Entry No. 1.)  Plaintiff's Complaint specifically asserts claims for civil rights violations, pursuant to 42 U.S.C. § 1983 (Count I), and for assault and battery, and intentional infliction of emotional distress  (Counts X and XI, respectively).  On January 16, 2009, the State of New Jersey moved to dismiss Plaintiff's Complaint.  (Docket Entry No. 9.)  New Jersey contends that the instant action is barred from being heard in this Court by virtue of the State's Eleventh Amendment immunity.  This Court agrees.[1]

---

[1] In its brief in support of the motion to dismiss, Defendant notes that "Plaintiff's complaint should be dismissed against the State of New Jersey because it fails to state a claim for which relief can be granted."  (Def. Br. in Support of the Mot. to Dismiss, p. 1.)  Defendant's statement references a Rule 12(b)(6) motion to dismiss.  The substance of Defendant's motion is not properly framed as a 12(b)(6) motion.   Defendant's motion is specifically a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996); see also Gould Elecs., Inc. v. United States, 220 F.3d

## II. <u>STANDARD OF REVIEW</u>

Motions to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. <u>See</u> 2 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 12.30[1] (3d ed. 2007). Rule 12(b)(1) challenges are either facial or factual attacks. <u>See id.</u> at § 12.30[4]. "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." <u>Id.</u> However, "when a court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." <u>Id.</u>; <u>see</u> also <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977) (stating that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.")

In this case, inherent in the instant motion is an argument based on New Jersey's sovereign immunity, codified in the Eleventh Amendment. The instant motion is a facial attack to this Court's jurisdiction. This Court shall consider the allegations of the Complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff. <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).

## III. <u>DISCUSSION</u>

The Eleventh Amendment to the Constitution of the United States explicitly references

---

169, 178 (3d Cir. 2000) (citing <u>Kehr Packages, Inc. v. Fidelcor</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

3

the states' immunity from suits: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI.  This so-called "Eleventh Amendment immunity" prohibits citizens from bringing suits against any of the states in federal court.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); see also Kelley v. Edison Twp., No. 03-4817, 2006 U.S. Dist. LEXIS 23510, at *18, 2006 WL 1084217 (D.N.J. Apr. 25, 2006) (citing Bennett v. City of Atl. City, 288 F. Supp. 2d 675, 679 (D.N.J. 2003)) (stating that "[t]he breadth of state sovereign immunity protects not only states, but expands to protect entities and persons who can show that, even though the State is not the named defendant, the state is the real, substantial party in interest.").

There are three narrow exceptions that limit a state's Eleventh Amendment immunity.  None, however, apply to Plaintiff's claims against New Jersey.  First, Congress may abrogate a state's immunity for rights protected under the Fourteenth Amendment.  See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999).  Such abrogation must be "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States."  Pennhurst State School Hosp., v. Halderman, 465 U.S. 89, 99 (1984) (internal quotation omitted).  The Supreme Court has specifically held that Congress has not abrogated immunity for actions brought pursuant to 42 U.S.C. § 1983.  See Quern v. Jordan, 440 U.S. 332, 340 (1979)(internal citation omitted).  Thus, even though Plaintiff's claim against New Jersey is clothed in the language of Section 1983, a congressionally sanctioned cause of action, it may not proceed against the State.

A second exception to a state sovereign immunity is state consent to suit.  See Blatchford.

V. Native Vill. Of Noatak & Circle Vill., 501 U.S. 775, 779 (1991).  A state must, however, clearly and unequivocally declare an intention to submit to federal jurisdiction.  See Florida Prepaid, 527 U.S. at 675-76 (quoting Great N. Life Ins., v. Read, 322 U.S. 47, 54 (1944)).  In this case, New Jersey has not explicitly announced its consent to suit.

A third and final exception allows suits against state officials in their official capacities where Plaintiff seeks prospective, injunctive relief for ongoing violations of federal law.  See Ex Parte Young, 209 U.S. 123, 159-60 (1908).  This exception is similarly unavailable, as Plaintiff does not seek injunctive relief from New Jersey, but rather seeks money damages for alleged past wrongs.

In the instant action, New Jersey enjoys Eleventh Amendment immunity from suit in this Court.  No exception that would destroy New Jersey's sovereign immunity is present here.  Thus, the Complaint must be dismissed as against the State of New Jersey.

### IV.  CONCLUSION

For the reasons stated above, the motion of the State of New Jersey, to dismiss for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), is granted.

Date: September 11, 2009
                         S/Joseph A. Greenaway, Jr.
                         JOSEPH A. GREENAWAY, JR., U.S.D.J.