**JOEL M. BACHER, ESQ.**
**269 HAMBURG TURNPIKE**
**WAYNE, NJ 07470**
**(973) 720-8111**
**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEW JERSEY

CIVIL ACTION-08-cv-4651 (JAG)

Plaintiff,
SHANNON TAYLOR,

VS.                                                    AMENDED COMPLAINT

Defendant,

CITY OF NEWARK, VERNON PARKER individually,
KYLE BOWMAN individually, & MARY LOUISE BAILEY,
individually, et al.

_____

PLAINTIFF, SHANNON TAYLOR, by and through undersigned counsel, brings this

complaint against Defendants , CITY OF NEWARK, VERNON PARKER, Individually

KYLE BOWMAN, Individually, and MARY LOUISE BAILEY, Individually, and

allege:

## INTRODUCTION STATEMENT

This is an action for damages sustained by Shannon Taylor, instituted against

employee officers of the, City of Newark.  On September 18, 2006, Officers Vernon Parker,

Kyle Bowman, and Mary Louise Bailey unlawfully assaulted and battered Plaintiff with

deadly force without justification and in violation of Plaintiff's civil rights.

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. 1983, the Fourth and Fourteenth

Amendments of the Constitution, and the laws of the State of New Jersey.

2. The jurisdiction of this Court is predicated on 28 U.S.C. 1331 and 1342 (a) (3)

and the supplemental jurisdiction of this Court under 28 U.S.C. 1367 (a).  Venue is

placed in the United States District of New Jersey because it is where all parties

reside and where the events complained of occurred.

3. All conditions precedent to the maintenance of this action have been performed or

have occurred prior to its institution including those set forth in New Jersey

Statues Annotated 59:8-8.21.

## PARTIES

4. SHANNON TAYLOR, (hereinafter "Plaintiff") was and is a resident of the City

of Newark at all times relevant hereto.

5. At all times material hereto VERNON PARKER (hereinafter "Parker") was and/or

is an employee of Newark Police Department and the City of Newark.

6. At all times material hereto KYLE BOWMAN (hereinafter" Bowman") was and/or

is an employee of Newark Police Department and the  City of Newark, Essex County.


7. At all times material hereto MARY LOUISE BAILEY (hereinafter "Bailey") was

and is an employee of Newark Police Department and the City of Newark.

8. CITY OF NEWARK (hereinafter "Newark") is a city duly organized under the
   Constitution

 and laws of the State of New Jersey.

9. At all times relevant hereto and in all actions described herein, Parker was acting

under color of  law as a police officer, and in such capacity, as the agent, servant and

employee of the City of Newark.

10. At all times relevant hereto and in all actions described herein, Bowman, was acting

under color of law as a police officer, and in such capacity, as the agent, servant and

employee of the city of Newark.

11. At all times relevant hereto and in all actions described herein, Bailey was acting

under color of law as a police officer, and in such capacity, as the agent, servant and

employee of the city of Newark.

## FACTUAL ALLEGATION

12. On September 18, 2006, Defendant Officers arrested Plaintiff on Ninth Avenue on

an outstanding municipal warrant for criminal mischief.

13. Defendant Officers detained Plaintiff unlawfully in the back of their police vehicle

 for several hours while they verbally and physically mistreated him.

14. Defendant Officers, after the passage of several hours, transported Plaintiff to the

Newark Police central processing unit on Green Street.

15. Plaintiff, while at the central processing unit, asked to see a police supervisor to

complain about the mistreatment he was receiving from the Defendant Officers.

16. Plaintiff, after making his request to see a police supervisor, was physically beaten

and assaulted by Defendant Officers.

17. As a direct and proximate result of the actions of the City of Newark, Parker,

Bowman, and Bailey, individually and under the supervision of the City of Newark.

 Plaintiff suffered a broken jaw, a broken eye socket, and the additional following

damages:

    a.  Violation of his constitutional rights under the Fourth and Fourteenth

    Amendments to United States Constitution to be free from an unreasonable search

    and seizure of their person, to be afforded due process of a law and equal protection

under the law:

b.  Loss of physical liberty: and

c.  Severe and permanent physical injury, humiliation, emotional distress, pain and

suffering, substantial medical and other out-of-pocket expenses, and future

medial expenses.

18. As a direct and proximate result of the actions of the City of Newark, Parker,

Bowman, and Bailey, individually and under the supervision of the City of Newark

the following clearly established and well-settled federal constitutional rights of Plaintiff

were violated:

a.  Freedom from unreasonable search and seizure.

b.  Freedom from the use of excessive, unreasonable and unjustifiable force

against his person:

c.  Equal Protection under the law: and

d.  Due process of law.

### COUNT I

19. Plaintiff repeats and alleges Paragraphs 1 through 18, and incorporates them by

reference herein.

20. This cause of action is brought by Plaintiff, against Newark and, Parker, Bowman,

and Bailey for deprivation of his Constitutional rights within the meaning of 42 U.S.C.

1983.

21. Parker, Bowman, and Bailey, were acting under the color of the law, as authorized

agents the City of Newark, while arresting Plaintiff.

22. The constitutional deprivation was caused by Newark's numerous areas of

deliberate indifference as outlined in above including:

    a.  Custom of condoning alleged instances of police brutality without punishing

its officers.  The above-mentioned actions were not isolated incidents.  Newark

has a history of exonerating officers for allegedly using excessive use of

force against its citizens.

Officers within the police department are secure in knowing that a reported

incident will not result in any disciplinary proceedings unless another officer

can verify that the force was excessive.  Newark permitted and tolerated the

practice of unjustified and unreasonable use of excessive force by its officers

under the color of law. Newark condones an officer's action even when other non-

police witnesses have complained that the force used was excessive.

23. The above described actions of Parker, Bowman, and Bailey and the policies and

practice of Newark condoning the use of excessive force by their agents, servants and

employees, violated the rights and privileges of plaintiff under the Fourth and

Fourteenth Amendments to the United States Constitution.

24. Parker, Bowman, and Bailey violated Plaintiff's civil rights by brutalizing and

inflicting severe injury on Plaintiff under the color of law with force that was grossly

disproportionate in relation to the need for action.

25. As a direct and proximate result of the above-mentioned unconstitutional acts of

Defendant Officers, while agents, servants or employees of Newark, and the

Unconstitutional Policies, customs and practices of Newark, Plaintiff sustained

severe physical injury, causing humiliation, emotional distress, pain and suffering, has

incurred substantial medical and other out-of-pocket expenses, and will continue to

incur medical expenses.

**WHEREFORE,** plaintiff demands judgment against Newark, Parker, Bowman, and Bailey for:

a. Award compensatory damages for 100 million dollars:
b. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988:
c. Award punitive damages; and
d. Award such other further relief as this Honorable Court deems just.

## COUNT II

26. Plaintiff repeats and realleges Paragraphs 1- 25, and incorporates them by reference herein.

27. This cause of action is brought by Plaintiff against Parker, Bowman, and Bailey for conspiracy to interfere with Plaintiff's constitutional rights to be free from unjustified and excessive force utilized by police officers, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

28. Parker, Bowman, and Bailey entered into a agreement for the purpose of depriving Plaintiff of his constitutionally protected rights by utilizing excessive use of force while acting under color of law in their capacity as police officers employees by Newark.

29. Parker, Bowman, and Bailey have knowledge of the nature and scope the of the agreement for the purpose of depriving Plaintiff of his constitutionally protected rights by utilizing excessive use of force while acting under the color of law in their capacity as police officers employees by Newark.

30. In furtherance of said conspiracy, Parker, Bowman, and Bailey inflicted severe injury

31. The acts of Parker, Bowman, and Bailey were part of an ongoing practice of the
conspirators to utilize excessive force with full knowledge that their actions would be
exonerated.

32. The acts of Parker, Bowman, and Bailey were carried out for the very purpose of
depriving Plaintiff of the equal protection of the laws and or equal privileges and
immunities under the law and to expressly violate Plaintiffs right to be free from
unreasonable search and seizure and from excessive force defined in the Fourth
Amendment of the United States Constitution.

33. As a direct and proximate consequence of the conspiracy of Parker, Bowman, and
Bailey, plaintiff sustained severe and permanent physical injury, humiliation,
emotional distress, pain and suffering incurred substantial medical and other out-of-
pocket expenses, and will continue to incur medical expenses.

**WHEREFORE** plaintiff, demands judgment against defendants,
individually, jointly and severally and, together with interest and
cost of suit for:

   a. Award compensatory damages for 100 million dollars.
   b. Award reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988.
   c. Award punitive damages: and
   d. Award such other and further relief as its Honorable Court deems just.

## COUNT III

34. The plaintiff repeats and reiterates Paragraphs 1-33 incorporates them by reference
herein.

35. On or about September 18, 2006 and for a substantial period of time prior thereto, the

City of Newark did employ as it agents, servants, employees and/or officers the defendants, Parker, Bowman, and Bailey who they duly empowered, commissioned and authorized to act as law enforcement officers on their behalf.

36. At all times mentioned herein, the defendant, Newark, owed a duty to exercise reasonable and due care on the screening, testing, hiring, training retention and supervision of its agents, servants, employees and officers including the defendants Parker, Bowman, and Bailey for they knew or should have known that their failure to use such due care imposed reasonably foreseeable risks of serious harm to members of the general public with whom they would come in contact, and create the risk of violation of protective civil rights of citizens, including the Plaintiff, Shannon Taylor.

37. At all times mentioned herein, the defendant, Newark was negligent, careless, reckless and/or acting with willful, wanton and/or gross indifference to the, consequences and otherwise unreasonable manner in breeching their duty of care in the hiring, screening, testing, retention, supervision and training of its agents, servants and/or employees, and/or officers including the Defendant Officers.

38. At all times mentioned herein, the defendant, Newark, knew or should have known that the defendant officers, Parker, Bowman, and Bailey, were unfit, incompetent and dangerous in their positions of trust as police officers, and that it was reasonably foreseeable that such unfitness, incompetence and dangerous attributes created a unreasonable risk of harm to the public who they were charged to serve and protect including the Plaintiff, Shannon Taylor.

39. As a direct and proximate result of the Defendant, Newark the aforesaid actions and/or omissions to adequately hire, screen, test, train, retain and supervise the Defendant

Officers, the Plaintiff Shannon Taylor was caused to be abused and injured as more

fully set fourth in the above Counts.

40. As a direct and proximate result of the Defendant's negligent actions and/or

omissions, the Plaintiff, Shannon Taylor had his constitutional and civil rights

violated, suffered serious and permanent bodily injuries and emotional trauma,

which are permanent in nature, has been caused and will be caused to expand large

sums of money for medical and psychological treatment necessary to effect a cure for

his injuries and has been and will in the future be caused great pain and suffering, has

been and will in the future be caused to loose large sums of money due to his inability

to pursue his usual occupation and daily functions and activities.

**WHEREFORE,** Plaintiff, demands judgment against the Defendants for

damages , individually, jointly and severally and, in the alternative together with interest

and cost of suit for:

       a. Award compensatory damages for 100 million dollars.
       b. Award reasonable attorneys fees and costs pursuant to 42 U.S.C.1988.
       c. Award punitive damages: and
       d. Award such other and further relief as its Honorable Court deems just.

### COUNT IV

41. Plaintiff repeats and realleges Paragraphs 1-40 and incorporates them by reference
herein:

42. This cause of action is brought by Plaintiff against Parker for his willful, wanton, and

malicious use of excessive force under color of law that deprived Plaintiff of

constitutionally protected rights under the Fourth and Fourteenth Amendments to the

43. Parker, violated Plaintiff's Fourth and Fourteenth Amendment rights to the U.S.

Constution by inflicting severe injury upon Plaintiff that was grossly disproportionate

to the force necessary to arrest and detain Plaintiff.

44. Parker, while acting in his capacity as police officer for Newark,

and under the color of law, did willfully, maliciously and intentionally

use excessive force to arrest  and detain Plaintiff for an alleged

criminal misdemeanor.

45. The intentional, willful and wanton acts of Parker establish a claim for punitive

damages by Plaintiff against Parker.

**WHEREFORE,** Plaintiff demands judgment against the Defendant Parker for:

a.   Award compensatory damages for 100 million dollars.
b.   Award reasonable attorneys fees and cost's pursuant to 42 U.S.C. 1988:
c.   Award punitive damages: and
d.   Award such other and further relief as this Honorable Court deems just.

### COUNT V

46. Plaintiff repeats and realleges Paragraphs 1-45 and incorporates them by reference herein.

47. This cause of action is brought by Plaintiff against Bowman for his willful, wanton,

and malicious use of excessive force under the color of law that deprived Plaintiff of

constitutionally protected rights under the Fourth and Fourteenth Amendments to the

United States Constitution.

48. Bowman violated Plaintiffs Fourth and Fourteenth Amendment rights to the U.S.

Constitution by inflicting severe injury upon Plaintiff that was grossly

disproportionate to the force necessary to arrest and detain Plaintiff.

49. Bowman, while acting in his capacity as a police officer for Newark

and under the color of law, did willfully, maliciously and

intentionally use excessive force to arrest and detain Plaintiff for an alleged criminal

misdemeanor.

50. The intentional, willful and wanton acts of Bowman establish a claim for punitive

damages by Plaintiff against Bowman.

**WHEREFORE, Plaintiff**   demands judgment against Bowman for:

a.  Award compensatory damages for 100 million dollars.
b.  Award reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988:
c.  Award punitive damages: and
d.  Award such other and further relief as this Honorable Court deems just.

### COUNT VI

51.  Plaintiff repeats and realleges Paragraphs 1 through 50, and incorporates them by reference herein.

52.  This cause of action is brought by Plaintiff against Bailey for her willful, wanton,

and malicious use of excessive force under color of law that deprived Plaintiff of

constitutionally protected rights under the Fourth and Fourteenth Amendments to the

United States Constitution.

53.  Bailey violated Plaintiffs Fourth and Fourteenth Amendment rights to the U.S.

Constitution by inflicting severe injury upon Plaintiff that was grossly

disproportionate to the force necessary to arrest and detain Plaintiff.

54. The intentional, willful and wanton acts of Bailey established a claim for putative

damages by Plaintiff against Bailey.

**WHEREFORE, Plaintiff** demands judgment against Bailey for:

a. Award compensatory damages for 100 million dollars.
b. Award reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988:
c. Award punitive damages: and
d. Award such other and further relief as this Honorable Court deems just.


## COUNT VII

55. Plaintiff repeats and realleges Paragraphs 1 through 54 and incorporates them by

reference herein.

56. This cause of action is brought by Plaintiff, against Parker, Bowman and Bailey for

their negligent failure to intervene to prevent fellow officers from violating the

constitutional rights of Plaintiff.   Law enforcement officers have an affirmative duty

to intervene when the officer is aware of  constitutional violations in their presence

and must to take reasonable steps to protect the victim of another officer's use of

excessive force.

57. Parker, Bowman and Bailey negligently failed to prevent excessive force from being

committed against Plaintiff when they had a reasonable opportunity to do so.   The

defendants failure to intervene is a violation of the Fourth Amendment and as such is

actionable under 42 U.S.C. 1983.

58. The negligent acts of Parker, Bowman, and Bailey established a claim for

damages by Plaintiff against Defendants.

**WHEREFORE,** Plaintiff demands judgment against Parker, Bowman, and Bailey

for:

a.  Award compensatory damages for 100 million dollars:
b.  Award reasonable attorney's fees and costs pursuant to 42 U.S.C. 1988:
c.  Award punitive damages: and
d.  Award such other and further relief as its Honorable Court deems just.

## COUNT V11I

59. Plaintiff repeats and realleges Paragraph 1 through 58, and incorporates them by

    reference herein.

60. Newark, through its employees Parker, Bowman, and Bailey intentionally caused

    bodily harm to Plaintiff by using deadly force upon his person, slamming Plaintiff's

    body and face into the ground, and stomping Plaintiff with their feet.

61. The actions of Parker, Bowman, and Bailey aroused fear in the person of Plaintiff.

    The aforementioned assault and battery was accomplished without the consent and

    against the will of Plaintiff.

62. Plaintiff has complied with the notice provisions of New Jersey Annotated Statue

    59:-8-8, which is a condition precedent to the filing of a tort claim against

    Newark.

63. Newark, is vicariously liable for the tortuous acts of its employees that were

    committed within the scope and furtherance of their employment.

64. As a direct and proximate consequence of the acts of Newark, through its employees,

    Parker, Bowman, and Bailey, Plaintiff sustained severe and permanent physical injury

emotional distress, pain and suffering, incurred substantial medical and other out-of-

pocket  expenses, and will continue to incur medical expenses.

**WHEREFORE, Plaintiff** demands judgment against Newark for:

a.   Award compensatory damages for 100 million dollars:
b.   Award reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988:
c.   Award punitive damages: and
d.   Award such other and further relief as this Honorable Court deems just.

## COUNT IX

65. Plaintiff repeats and realleges Paragraphs 1 through 64, and incorporates them by

reference herein.

66. Newark, through its employees, Parker, Bowman, and Bailey, intentionally caused

bodily harm to Plaintiff when they knew or should have known that emotional

distress would likely result.

67. The conduct of Newark, through its employees, Parker, Bowman, and Bailey, was

outrageous, and went beyond all bounds of decency so as to be regarded

as odious and utterly intolerable in a civilized community.

68. The conduct of Newark, through its employees, Parker, Bowman, and Bailey, caused

severe emotional distress to Plaintiff.

69. Plaintiff has complied with notice provisions of New Jersey Annotated Statue

59:8-8 which is a condition precedent to the prosecution of a tort claim against

Newark.

**WHEREFORE,** plaintiff demands judgment against Newark for:

a.  Award compensatory damages for 100 million dollars:
b.  Award reasonable attorneys fees and costs pursuant to 42 U.S.C. 1988:
c.  Award punitive damages: and
d.  Award such other and further relief as this Honorable Court deems just.


## DEMAND FOR JURY TRIAL


Plaintiff demands trial by jury on all issues so triable.


Dated: February 24, 2010

Joel M. Bacher, Esq.
269 Hamburg Turnpike
Wayne, NJ 07470
(973) 720-8111